# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

United States of America,

    Plaintiff

v.

Wyatt Clifford Fain and Payden David Guy Cosper,

    Defendants

Case No.: 2:24-cr-00189-JAD-DJA

**Order Granting Motion for Joinder and Denying Motion to Dismiss**

[ECF Nos. 27, 28]

    In April 2024, defendants Wyatt Clifford Fain and Payden David Guy Cosper destroyed some rock formations near the Redstone Dunes Trail at the Lake Mead National Recreation Area.[1]  A bystander recorded their activities and, a couple of days later, the video went viral.  A few months later, a grand jury returned an indictment against Fain and Cosper for felony "depredation of government property" under 18 U.S.C. § 1361 and aiding and abetting under 18 U.S.C. § 2.  The defendants jointly move[2] to dismiss the indictment because the government "failed to preserve" the destroyed rock fragments, which they argue may have contained exculpatory evidence of the value of the destruction.[3]  That contention is meritless, so I deny the motion to dismiss.

---

[1] ECF No. 1.  These allegations are taken from the indictment and the government's response to the motion to dismiss.  They are not intended as findings of fact.

[2] I grant Cosper's motion for joinder.  ECF No. 28.

[3] ECF No. 27.

**Discussion**

The United States Constitution's due-process guarantee demands that the government preserve evidence "that might be expected to play a significant role in the suspect's defense."[4] The Ninth Circuit has held that, while the government "may have a duty to *preserve* evidence after the evidence is gathered and in possession of the police," it does not have a co-extensive duty to *obtain* evidence from a crime scene.[5] But, if a defendant can show that the government failed "to collect potentially exculpatory evidence" in bad faith, then that failure may violate the due-process clause.[6]

The defendants argue that the government should have removed rock fragments from the destroyed scene and preserved them as evidence. That it didn't collect those rocks is significant, the defendants contend, because the government's geological expert determined that the defendants destroyed "paleontological resources"—18 fossil tracks contained in the rock that was destroyed—and values those resources at $3,460.[7] The defense argues that, had the rocks

---

[4] *California v. Trombetta*, 467 U.S. 479, 488 (1984).

[5] *Miller v. Vasquez*, 868 F.2d 1116, 1119 (9th Cir. 1989).

[6] *Id.* at 1117, 1120. The defendants argue their motion under the standards articulated in *California v. Trombetta*, 467 U.S. 479 (1984). That case analyzed whether the government's failure to preserve evidence in its possession violated a criminal defendant's rights. *Id.* at 488–89. But the Ninth Circuit in *Miller v. Vasquez* specifically distinguished the government's destruction of evidence addressed in *Trombetta* with the government's failure to collect evidence, and concluded that failure to collect can only give rise to a due-process violation if the evidence was potentially exculpatory but wasn't collected in bad faith. *Miller*, 868 F.2d at 1120. Though defendants repeatedly refer to this issue as a failure to preserve, the government's decision not to remove rock fragments from the scene is more accurately considered as a failure to obtain evidence. So I analyze this issue under *Miller*, not the alternative test for "apparently exculpatory" evidence discussed in *Trombetta*.

[7] ECF No. 27 at 5–6. For the government to show that the defendants engaged in felony depredation of property, it must show that the value of the destroyed land was at least $1,000. The government contends that any destruction is criminal, so the estimated value of the land is immaterial to the defendants' guilt. ECF No. 29 at 4. That contention is incorrect. The statute the defendants are charged under makes it a misdemeanor to destroy property up to $999, but the

been preserved, its experts would have "revealed that the rock formations . . . did *not* contain fossil tracks."[8] One defense expert visited the site in December 2024 and noted that there were few rock fragments left in the area.[9] And despite their inability to view the rock fragments exactly as they appeared when they were destroyed in April 2024, two defense experts were able to conclude that there were likely no fossil tracks in the immediate area where the defendants destroyed the rocks.[10]

### A. The defendants haven't met their burden to show that the rock fragments were potentially exculpatory.

The defendants haven't shown that the rock fragments would have been exculpatory. Evidence is exculpatory if it is "favorable to an accused" and "material either to guilt or to punishment."[11] "Exculpatory evidence is material if its introduction at trial 'would have resulted in a markedly weaker case for the prosecution and a markedly stronger one for the defense.'"[12]

The defendants rely entirely on the government expert's conclusion that there were 18 fossil tracks in the rock fragments to suggest that, had their experts been able to view the

---

destruction only becomes a felony if the destruction is valued at $1,000 or more. *See* 18 U.S.C. § 1361 (distinguishing between available punishments based on the value of the destroyed property). The government charged the defendants with felony degradation, so it must prove at trial that the value of the destroyed land meets that threshold. *See United States v. Seaman*, 18 F.3d 649, 650 (9th Cir. 1994) (vacating convictions under §1361 because the government didn't prove the value of the destroyed property).

[8] ECF No. 27 at 7.

[9] *See* ECF No. 34-2.

[10] *See id.*, ECF No. 35-1.

[11] *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

[12] *Comstock v. Humphries*, 786 F.3d 701, 711 (9th Cir. 2015) (quoting *Kyles v. Whitley*, 514 U.S. 419, 441 (1995)).

3

preserved rocks, they would have concluded that the rocks contained no fossil tracks.[13] But the government has explained that its geologist provided the 18-fossil-track estimate "merely for illustrative purposes" and "will not testify at trial that she knew the rocks defendants destroyed contained fossil tracks."[14] The defendants' experts were able to conclude through other means that there were likely no fossil tracks in the area and that none were observed in the rock fragments that still remained at the scene.[15] The defendants fail to explain how prompt collection of rock fragments would have aided in that assessment, nor have they explained why such a robust showing is needed in light of the fact that the paleontological evidence they seek to rebut will not be relied upon by the government.

**B.  The defendants haven't shown that the government acted in bad faith.**

Even if I assumed that the rock fragments would have been exculpatory, the defendants have not shown that the government's choice to refrain from collecting rock fragments, ash, and dirt from the scene was in bad faith. The defendants contend that the government must have acted in bad faith because they repeatedly asked to examine the rock fragments and informed the government that they planned to contest the government expert's assessment of fossils that may have been contained in the rocks.[16] But the defendants have failed to cite any law suggesting that, in these circumstances, investigators would have believed that collection of these rock fragments was required in the first place. Contrary to the defendant's somewhat absurd suggestion, this is not "akin to a situation where law enforcement, investigating a homicide,

---

[13] ECF No. 27 at 7.

[14] ECF No. 29 at 5–7.

[15] *See* ECF No. 34 at 2 (summarizing Fain's expert's conclusion that "no fossil resources were damaged or destroyed"); ECF No. 35-1 (Cosper's expert report, concluding that expected documentation of known fossil tracks is nonexistent in the damaged area).

[16] ECF No. 27 at 9–10.

4

discover fingerprints at the crime scene and permit their forensic experts to examine them, but destroy or lose the evidence before the defense is given the same opportunity to examine them."[17] At most, this is akin to a situation in which a defendant might be charged with breaking the window of a stranger's house, but the police chose not to "preserve evidence" by removing the window from the wall. I cannot conclude based on the information provided by the defendants that the government knew it should have collected this type of evidence but chose not to in order to deprive the defendants of exculpatory evidence.

      The defendants' supporting authority is easily distinguishable. In *United States v. Cooper*, the government seized equipment from a laboratory that officials believed was being used to manufacture methamphetamine.[18] The defendant maintained that the lab was "making legal chemical products such as a fuel additive and naval jelly,"[19] and repeatedly told the government that some of the equipment seized was not capable of withstanding the high heats required to make meth.[20] The government destroyed the equipment that the defendant had identified as potentially exculpatory.[21] The Ninth Circuit concluded that the government acted in bad faith when it knowingly destroyed evidence of exculpatory value.[22]

      In *United States v. Bohl*, the government criminally charged two defendants for using nonconforming steel in the fabrication of radar and radio transmission towers.[23] The defendants

---

[17] *Id.* at 6.
[18] *United States v. Cooper*, 983 F.2d 928, 929 (9th Cir. 1993).
[19] *Id.*
[20] *Id.* at 930.
[21] *Id.*
[22] *Id.* at 932.
[23] *United States v. Bohl*, 25 F.3d 904, 907 (10th Cir. 1994).

5

repeatedly requested access to the towers for their own inspection, but the government failed to respond.[24] The government then removed and disposed of all the towers, depriving the defendants "of the opportunity to conduct their own examination of the towers' chemical composition."[25] The Tenth Circuit concluded that the government acted in bad faith because it was aware of the defendants' requests for access to the towers and it "still had possession or the ability to control the disposition of the tower legs at the time it received notice" about their potentially exculpatory value, but it destroyed them anyway.[26]

The most glaring distinction between this case and *Cooper* or *Bohl* is that the government here didn't obtain, then destroy, any evidence. It left the evidence in its natural state, where the defense experts could (and did) view it. Any possible degradation by natural forces that may have occurred in the time between the defendants' alleged destruction of the site and the defense experts' visits cannot be imparted onto the government as bad faith. And although the defendants highlight all the times they asked the government for a chance to inspect the rocks, they acknowledge that their first request was in October 2024—five months after the defendants allegedly destroyed the rock formation.[27] The defendants fail to show that any apparent "failure" to collect the rocks before that point was done in bad faith. Nor do they show that the government's refusal to collect the rocks in October would have preserved the evidence that the defendants claim has now been lost to "degradation" or "looting."[28]

---

[24] *Id.*
[25] *Id.* at 908–09.
[26] *Id.* at 911–12.
[27] ECF No. 33 at 10.
[28] ECF No. 27 at 6.

The defendants' suggestion that the rock fragments should have been collected is also incongruous with other assessments of the site's value. The government's expert assessed the value of general impairment to the land that was designated as a "National Park Unit" to "preserve[] the ecological, geological, cultural, historical, scenic, scientific, and wilderness resources" of the area.[29] She valued the defendants' general impairment of that purpose at $1,000, noting that "destruction of nonrenewable geological formations that took 180 million years to form are irreparable and has scarred the natural landscape that [the area] strives to preserve."[30] Removing the rocks could have destroyed evidence of the value of impairment to the area, leaving the government in a catch-22 of evidence collection versus destruction. Had the government removed the rocks, the defendant may have moved to dismiss on the basis that the government destroyed evidence of the landscape as it existed when the rocks fell, making it impossible for the defense to contest the changed value of that landscape. The defendants haven't sufficiently shown that the government's choice to leave the rocks and preserve the landscape was a constitutionally deficient one.

In short, the defendants' motion to dismiss based on the government's failure to preserve evidence doesn't meet their burden to show that any evidence should have been collected by the government, that the evidence would have been exculpatory, or that the government acted in bad faith by failing to collect it. So I deny their motion.

**Conclusion**

IT IS THEREFORE ORDERED that defendant Payden David Guy Cosper's motion for joinder **[ECF No. 28] is GRANTED**.

---

[29] ECF No. 32-2 at 3.

[30] *Id.*

7

IT IS FURTHER ORDERED that the defendants' motion to dismiss **[ECF No. 27] is DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
March 21, 2025