**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America,<br><br>    Plaintiff<br><br>v.<br><br>Wyatt Clifford Fain and Payden David Guy Cosper,<br><br>    Defendants | Case No.: 2:24-cr-00189-JAD-DJA<br><br>**Order Denying Motion for Acquittal**<br><br>[ECF No. 97] |

On April 9, 2025, a jury found defendants Wyatt Clifford Fain and Payden David Guy Cosper guilty of depredation of government property under 18 U.S.C. § 1361 for destroying rock formations in the Lake Mead National Recreation Area about a year earlier.[1] The defendants admitted that they destroyed government property but argued at trial that the government couldn't prove the intent element of the crime. The defendants now move for acquittal, contending that the testimony of the government's singular witness was insufficient to sustain their convictions.[2] Though the government's case was undoubtedly thin, it was enough for a rational jury to conclude that Fain and Cosper destroyed the rock formations with knowledge that their conduct was unlawful. So I deny the motion for acquittal.

---

[1] ECF Nos. 80, 86.
[2] ECF No. 97.

**Discussion**

**A.  If sufficient evidence, viewed in the light most favorable to the government, supports the verdict, the defendants' acquittal motion must fail.**

Federal Rule of Criminal Procedure 29 permits a court to overturn a jury's guilty verdict if "the evidence is insufficient to sustain a conviction."[3] In reviewing the sufficiency of evidence at trial, courts must "view the evidence in the light most favorable to the prosecution" and ask only "whether any rational trier of fact could have found the defendant guilty of each element of the crime beyond a reasonable doubt."[4] "The hurdle to overturn" a jury verdict on an insufficient-evidence challenge "is high."[5] "Circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction."[6]

**B.  Though thin, sufficient evidence supports the jury's finding that the defendants willfully depredated government property.**

To convict on this § 1361 misdemeanor offense,[7] the jury had to find beyond a reasonable doubt that the defendants injured or committed depredation of property of the United States and that they acted willfully.[8] Fain and Cosper stipulated that they committed depredation and that

---

[3] Fed. R. Crim. P. 29(a).

[4] *United States v. Heller*, 551 F.3d 1108, 1113 (9th Cir. 2009) (cleaned up).

[5] *United States v. Rocha*, 598 F.3d 1144, 1153 (9th Cir. 2010).

[6] *United States v. Jackson*, 72 F.3d 1370, 1381 (9th Cir. 1995), *cert. denied*, 517 U.S. 1157 (1996).

[7] The government initially pursued the charge as a felony, which requires that it also prove that the property damages exceeded $1,000. *See* 18 U.S.C. § 1361; ECF No. 1 (indictment). But after pre-trial evidentiary rulings limited the government's ability to introduce expert testimony on the value of the damage (ECF No. 66 (transcript of *Daubert* hearing)), the government announced its intent (on the morning of trial) to proceed only on the misdemeanor version of the charge. *See* ECF No. 90 at 3:12–16.

[8] 18 U.S.C. § 1361; ECF No. 82 at 2 (jury instruction # 3).

the rock formations were United States property, so the trial focused solely on whether their actions were "willful."[9]

"To establish a willful violation of a statute, 'the [g]overnment must prove that the defendant acted with knowledge that his conduct was unlawful.'"[10]  Because "direct proof of one's specific wrongful intent is rarely available,"[11] circumstantial evidence can support a finding of willfulness if the jury can draw "reasonable inferences [of willfulness] from the available facts."[12]  The jury was instructed that "[a] person acts willfully if he acts intentionally and purposely, with knowledge that his conduct is prohibited by law.  The person need not be aware of the specific law that his conduct may be violating."[13]

### 1. At trial, the government presented evidence suggesting that the defendants destroyed a formation in the center of a maintained area of the Lake Mead National Recreation Area.

The government presented little evidence at trial.  The parties stipulated to introduce a video (taken on a bystander's smartphone) of Fain and Cosper shoving heavy rock formations off of a cliff at the Redstone Dunes Trail area on April 7, 2024.  And the government introduced the testimony of Ranger Somer Zarate, who testified about her investigation into the destruction and provided context about the area where the destruction took place.  She testified that the Redstone Dunes Trail began at a "paved parking lot with interpretation signs, meaning signs that explain

---

[9] *See* ECF No. 82 at 2–3 (jury instruction # 4, instructing the jury that "the parties have agreed that on April 7, 2024, at the Redstone Dunes Trail, in the Lake Mead Recreation Area, the defendants injured or committed depredation of property of the United States government").

[10] *Bryan v. United States*, 524 U.S. 184, 191–92 (1998) (quoting *Ratzlaf v. United States*, 510 U.S. 135, 137 (1994)).

[11] *United States v. Dearing*, 504 F.3d 897, 901 (9th Cir. 2007) (cleaned up).

[12] *United States v. Scholl*, 166 F.3d 964, 979 (9th Cir. 1999), *as amended on denial of reh'g* (Mar. 17, 1999).

[13] ECF No. 82 at 3 (jury instruction # 5).

the area, why its valuable, that sort of thing, and there [are] also picnic tables [and] restrooms."[14] She also testified that the most notable thing in the area was the Aztec sandstone formation that the "established trail" wraps around.[15] And she explained that Fain and Cosper would have had to go off of that established path to get to the rock formations they destroyed.[16]

Ranger Zarate also testified that, to access the Lake Mead Recreation Area where the trailhead was situated, "people will come in through one of our staffed entrance stations" and either show a pass or pay an entrance fee.[17] She also indicated that there are "signs on the road before you get to the entrance station indicating that you are entering federal land" as well as a "large Lake Mead National Recreation Area picture sign."[18] She further testified that the National Park's motto "Leave No Trace" is printed in the brochures that most visitors receive when they enter the park and is usually displayed on a variable-message sign that moves between park entrances.[19] The defense did not cross-examine Zarate and, aside from some photographs of various signs at Lake Mead that the defense entered into evidence, it did not present its own case.

Defense counsel moved for acquittal at the close of the government's case-in-chief, arguing that the government didn't present sufficient evidence from which a jury could conclude beyond a reasonable doubt that either defendant acted with knowledge that his conduct was unlawful. I denied the motion, finding that a jury could reasonably infer from the evidence that

---

[14] ECF No. 92 at 32:1–3.
[15] *Id.* at 32:3–4; 36:18–20.
[16] *Id.* at 47:2–6.
[17] *Id.* at 29:25–30:2.
[18] *Id.* at 30:22–31:1.
[19] *Id.* at 59:10–11, 54:7–55:9.

4

the defendants entered federal land through a pay station, passed signs clearly announcing that they were on national land owned and protected by the National Park Service, and destroyed rock formations in an area that they understood was maintained to highlight those formations. Acknowledging that this was "thin" circumstantial evidence, I concluded that "from those facts a rational trier of fact could form the reasonable inference that the defendants must have known that pushing these rocks off the rock formation at the center of that maintained area in the middle of a national park would be unlawful."[20]  In closing argument, the prosecutor emphasized that the jurors could use their common-sense understanding to find that Fain and Cosper knew not to "break things that do not belong to you."[21] He focused on the fact that Fain and Cosper destroyed formations in a "specific designated area . . . with signs around the path" explaining "why this stuff is cool."[22]

### 2. *The government's evidence supports the jury's guilty verdict.*

Fain and Cosper reassert the same arguments they made in their mid-trial Rule 29 motion.  They contend that "[t]he government presented no evidence that Fain and Cosper possessed specialized knowledge regarding their charged conduct," emphasizing that the government didn't present evidence that the defendants had previously been to Lake Mead or any other state or national park before this incident or that they had committed related uncharged crimes.[23]  And they argue that Ranger Zarate's testimony concerning entrance-fee stations, the "Leave No Trace" motto, and the developed area surrounding the destroyed formations was all generalized evidence that does not support the "speculative leap" that the defendants actually

---

[20] *Id*. at 33:24–34:5.
[21] ECF No. 94 at 70:16–71:13.
[22] *Id.* at 71:25–72:2.
[23] ECF No. 97 at 9–10.

5

went through a pay station, saw the Leave No Trace motto, or understood any of the features of the area to mean that it was illegal to destroy rock formations.[24]

I find no reason to retreat from my mid-trial denial of the defendants' Rule 29 motion. Though the evidence is thin, a jury could make the logical inference that the defendants knew that they were on federally protected land because they would have had to enter the park through an entrance-fee station that prominently announced that it was an area operated by the National Park Service. They could also infer from the fact that the defendants went to a well-maintained area of the park, complete with an established trail wrapping around "very large rock formations"[25] and signs explaining the value of the area, that the defendants would have known that destroying those rock formations at the center of the designated area would be unlawful. The video of the defendants' actions supplied visual context for Zarate's testimony and supported the inference that anyone would know that these rocks were not to be messed with.

This case is distinguishable from *United States v. Nora*,[26] the non-binding Fifth Circuit case that the defendants rely on to contend that more was required for the jury to properly infer willful intent.[27] The defendant in *Nora* was convicted of health-care fraud, but the court determined that evidence of co-workers' generalized knowledge of impermissible practices and the fact that the defendant received trainings that may have taught practices that differed from his fraudulent ones (the content of the trainings was not introduced at trial) was insufficient to show that the defendant acted with knowledge that his conduct was unlawful.[28] But the circumstances

---

[24] *Id.* at 10–13.

[25] ECF No. 92 at 32:5–8.

[26] *United States v. Nora*, 988 F.3d 823, 830–33 (5th Cir. 2021).

[27] ECF No. 97 at 8–12.

[28] *Nora*, 988 F.3d at 831–832.

of the illegal conduct in this depredation-of-property case differ significantly from those present in a case concerning fraudulent practices at a health-care business. It may be a speculative leap to infer that one particular worker knows his conduct is fraudulent because other co-workers had suspicions about the company's practices. But here, the physical nature of the area and the crime the defendants committed require little speculation to conclude that the defendants had to know that their conduct was illegal. There is no dispute that Fain and Cosper entered the park, went to the designated area erected next to the rock formations, went off a trail maintained specifically to circle those formations, and destroyed a portion of them. Based on those circumstances alone, a juror could reasonably infer that the defendants were aware that their conduct was illegal.

      The defendants further argue that, because it is clear from the video evidence that they made no effort to conceal their conduct, a jury could reasonably infer that they didn't know their conduct was unlawful.[29] But viewing the evidence in the light most favorable to the government as I must, I find that a reasonable jury could conclude that the evidence showing the obvious protected status of the area strongly infers guilt even when the defendants acted brazenly in their destruction. So I deny the defendants' motion for acquittal.[30]

---

[29] ECF No. 97 at 9.

[30] The defendants raise other arguments regarding the "leave no trace" motto and the fact that there was no evidence that the defendants saw that sign, and pointing out that the government didn't present any evidence that there was signage at the park telling visitors that it is illegal to push rocks. Because I conclude that the jury could reasonably infer willfulness from the physical characteristics of the area in which the defendants committed their unlawful conduct, I do not address those additional arguments.

7

**Conclusion**

IT IS THEREFORE ORDERED that the defendants' motion for acquittal **[ECF No. 97]** is **DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
July 31, 2025